UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00075-JHM

BRITTANY ROGERS, on Behalf of PLAINTIFF
Herself and All Others
Similarly Situated

V.

THE WEBSTAURANT STORE, INC., DEFENDANTS
and TRICIA WILKERSON

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend. [DN 16]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

Plaintiff Brittany Rogers filed a civil action, on behalf of herself and others similarly situated, against Defendants, The Webstaurant Store, Inc. ("Webstaurant") and Tricia Wilkerson, alleging that Webstaurant and Wilkerson retaliated against her for exercising her rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). [DN 1 ¶¶ 14, 29–31]. Rogers claimed that because of her questioning Webstaurant's pay practices and her requesting compensation for hours worked in excess of forty hours per week, Wilkerson terminated her employment. [*Id.* at ¶¶ 29–30]. Webstaurant and Wilkerson moved to dismiss Rogers' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Specifically, the Motion to Dismiss argued that Rogers' Complaint lacked "any allegation that she engaged an overt activity protected under 29 U.S.C. § 215(a)(3) . . . ." [DN 7-1 at 2].

On August 6, 2018, the Court issued a Memorandum Opinion and Order granting the Motion to Dismiss. [DN 14]. Therein, the Court stated the rule of law concerning retaliatory

termination—"[u]nder the FLSA, it is unlawful to 'discharge or . . . discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceeding under or related to this chapter[.]' 29 U.S.C. § 215(a)(3)." [*Id.* at 4]. In granting the Motion, the Court concluded that "Rogers fail[ed] to allege that she ever complained about not receiving overtime pay." [*Id.* at 7].

Rogers now moves this Court to alter or amend the Memorandum Opinion and Order and Judgment granting the Motion to Dismiss. [DN 16]. She asserts that

> while the Court addressed and accepted Defendant's argument made in the Motion that a hypothetical reasonable employer would not have interpreted Plaintiff's actions described in the Complaint as 'complaints' under 29 U.S.C. § 216(a)(3) . . ., the Court did not address a separate argument in Plaintiff's response to the Motion—that grievances were 'complaints' because, regardless of what a reasonable employer would do, Defendant subjectively interpreted them as such.

[*Id.* at 1]. Rogers proceeds to detail how it is not dispositive whether her actions constitute a "complaint" under the FLSA, because Webstaurant and Wilkerson subjectively understood her actions to constitute the requisite activity. Thereafter, Rogers filed a Supplement to Motion to Alter or Amend. [DN 17]. Therein, she attaches documents which she asserts further prove her entitlement to relief, including a document produced by Webstaurant relating to Rogers' hours, a payroll register produced by Webstaurant, and a transcript from a hearing concerning a separate action Rogers has filed against Webstaurant. [DN 17-1, 17-2]. Webstaurant and Wilkerson responded arguing that Rogers' Motion is a gratuitous effort on her behalf to "restate and reargue issues addressed in her Response to Motion to Dismiss." [DN 18 at 2]. Rogers, in her Reply, stated that her rehashing of her prior argument was necessary to show the Court that it had committed a clear error of law, entitling her to relief on her Motion to Alter or Amend. [DN 19 at 2–3].

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits a court to "alter or amend" its prior judgment for one of four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citations omitted). However, Rule 59(e) is a limited rule, whose purpose is "to allow the [Court] to correct its own errors" that are timely presented. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted). It is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" *United States v. Abernathy*, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (citation omitted); *see also Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19. 2007).

## III. DISCUSSION

Applying the above standard to this motion, the Court denies Rogers' Motion to Alter or Amend. Neither the law nor the facts as set forth by Rogers have changed since the Court previously ruled on this matter. Moreover, Rogers relies on caselaw which she takes out of context to support her position. Specifically, Rogers cites to *Brabson v. Sears, Roebuck & Co.* as support for her Motion. 2016 WL 5947469 (E.D. Tenn. Oct. 13, 2016). However, this case is distinguishable as it concerns the assertion of FLSA rights by a manager at the summary judgment stage. *Id.* at 1. In *Brabson*, the court found that the Plaintiff was engaged in protected activity because she "actively assist[ed] other employees in asserting FLSA rights" pursuant to the

"manager-rule" and the Defendant was aware of that assistance. *Id.* at 8–9. By comparison, this Court found that Rogers did not engage in protected activity because she never filed a complaint and Webstaurant and Wilkerson were not aware of Rogers engaging with any such protected activity. [DN 14 at 5–7].

Next, Rogers avers that the Court misinterprets the analysis of the court in *Pelham v. Unipres, U.S.A., Inc.* 2015 WL 4425544 (M.D. Tenn. July 17, 2015). She claims that the case supports her position that "a court should not only evaluate the content of th[e employee's] activity, but also assess the employer's subjective understanding of the meaning and import of that activity." [DN 16 at 5]. While true, the facts of *Pelham* are clearly distinguishable from the facts surrounding Rogers' termination and thus render the case unhelpful to Rogers' position. In *Pelham*, the Plaintiff "complained to [his employer] 'every day' for two weeks that he had 'still not gotten paid' his federally-mandated minimum wage." *Pelham*, 2015 WL 4425544 at 5. That court found the Plaintiff's actions and the employer's acknowledgment of those actions to be sufficient to find the assertion of rights protected by the FLSA. *Id.* However, Rogers did not similarly engage with her employer regarding her FLSA rights. Instead, Rogers' actions and words can be understood as an expression of frustration with having to work on her Performance Improvement Plan outside of work. As caselaw clearly holds, "a complaint must be adversarial in nature, and 'expressions of concern or discomfort or frustration' are insufficient." *Brabson v. Sears, Roebuck & Co.*, 2016 WL 5947469, at 8 (E.D. Tenn. Oct. 13, 2016) (quoting *Robinson v. Wal-Mart Stores, Inc.*, 341 F. Supp. 2d 759, 763 (W.D. Mich. 2004)).

As was true at the motion to dismiss stage, Rogers fails to point to authority in support of her argument that she was engaged in a "protected activity" as required by the FLSA. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 20 (2011) (Scalia, J., dissenting)

(detailing the four types of protected activities in which an employee may engage under the FLSA). Instead, Rogers attempts to contort the facts to show that Webstaurant and Wilkerson perceived Rogers as having filed a complaint. The Court is not persuaded. As previously stated, a motion to alter or amend is not to be used to "relitigate issues previously considered" and Rogers does just that. *United States v. Abernathy*, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (citation omitted). The Court did not commit a clear error of law in its August 6, 2018 Memorandum Opinion and Order. Rogers may disagree with the Court's decision, but that is an issue for appeal, not reconsideration.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend the Memorandum Opinion and Order entered August 6, 2018 is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

November 20, 2018

cc: Counsel of Record